IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT McNEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-110 |
| | ) | |
| GREGORY McLAUGHLIN, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

The above-captioned case involves a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case is currently before the Court on two sets of objections by Petitioner, one relating to the Magistrate Judge's Report and Recommendation ("R&R") issued February 18, 2011, and one relating to the Order issued by the Magistrate Judge on the same day.[1] (Doc. no. 18.) The Court will address each set of objections in turn.

I. **DISCUSSION**

A. **Petitioner's Objections to the February 18, 2011 R&R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R. In the R&R, the Magistrate Judge recommended that the motion to dismiss

---

[1] While Petitioner's objections relate to two separate decisions by the Magistrate Judge, they were filed as part of the same document. (Doc. no. 18.)

filed by the Attorney General be granted and that the Attorney General be dismissed from this action because he is an improper respondent. (Doc. no. 16.) Petitioner has not set forth any substantive objections to the conclusions in the R&R. Rather, Petitioner asserts that he lacks the legal knowledge and resources to determine whether he will suffer any adverse effect as a result of the dismissal of the Attorney General from this case. (Doc. no. 18, p. 2.) Additionally, he purports to reserve objections to the R&R. (Id.)

The Court finds that Petitioner's objections provide no basis for departing from the Magistrate Judge's conclusions in the R&R. Because Petitioner is challenging the sentence for which he is currently incarcerated, rather than a sentence to be carried out in the future, the warden at the prison where Petitioner is confined – Respondent McLaughlin – is the only appropriate respondent in this action. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, Petitioner's objections to the February 18th R&R are **OVERRULED**. Furthermore, as the time for filing objections to the R&R has expired, Petitioner may not reserve the right to file additional objections to the R&R.

### B. Petitioner's Objections to the February 18, 2011 Order

Petitioner's second set of objections allege error in the Magistrate Judge's February 18th Order denying Petitioner's "Rule 8 Motion," "Motion for Appointment of Counsel," and "Objection and Motion to Strike." (See doc. nos. 5, 6, 11, 15.) Because these objections relate to nondispositive matters, the Court will only modify or set aside portions of the Order that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley

v. Owens, 367 Fed. Appx. 102, 104 n.1 (11th Cir. 2010); Knox v. Hayes, 933 F. Supp. 1573, 1576 & n.1 (S.D. Ga. 1995).

1. **Objections to the Denial of Petitioner's "Rule 8 Motion"**

In his "Rule 8 Motion," Petitioner requested an evidentiary hearing on the claims asserted in his petition. (Doc. no. 5.) The Magistrate Judge denied the motion, reasoning that, at this early stage of the case, Petitioner failed to meet his burden by showing that an evidentiary hearing was required. (Doc. no. 15, pp. 2-4.)

In his objections, Petitioner asserts that the Magistrate Judge improperly denied the request for a hearing based solely on the content of Petitioner's motion, rather than considering the motion in conjunction with the petition and brief filed in support thereof. (Doc. no. 18, p. 4.) Petitioner contends that, in light of the claims in his petition as well as the factual and legal support provided in his brief, he has shown that an evidentiary hearing is required. (Id.)

Upon consideration, the Court finds Petitioner's objections to be without merit. The fact that the Magistrate Judge pointed out the conclusory nature of the assertions in Petitioner's motion does not mean that the Magistrate Judge failed to consider the motion in conjunction with Petitioner's other filings in this case. Indeed, the Magistrate Judge's analysis of Petitioner's claims under the requirements set forth in 28 U.S.C. § 2254(e)(2) indicates that Petitioner's claims as set forth in his previous filings were taken into consideration. Moreover, Petitioner has yet to offer any explanation as to what evidence he seeks to introduce at his requested evidentiary hearing or how any evidence that he might

introduce in a hearing would affect the resolution of his claims. See Valle v. Sec'y for the Dep't of Corr., 459 F.3d 1206, 1216 (11th Cir. 2006). Accordingly, the Court finds that the Magistrate Judge's conclusions are neither clearly erroneous nor contrary to law; as a result, Petitioner's objections to the Magistrate Judge's denial of his "Rule 8 Motion" are **OVERRULED**.

        2.        **Objections to the Denial of Petitioner's "Motion for Appointment of Counsel"**

In denying Petitioner's request to have counsel appointed, the Magistrate Judge noted that it was unclear whether Petitioner was requesting counsel for the limited purpose of the requested evidentiary hearing or seeking the appointment of counsel for the entirety of the case. (Doc. no. 15, pp. 4-5.) However, the Magistrate Judge found that appointment of counsel was unwarranted regardless of the scope of the representation sought. (Id.) In his objections, Petitioner clarifies that he requested counsel "to represent [him] at an evidentiary hearing to give oral argument." (Doc. no. 18, p. 5.)

In light of the Court's prior affirmance of the Magistrate Judge's denial of Petitioner's request for an evidentiary hearing, it follows that no attorney need be appointed for such a hearing. Moreover, the Court finds that the Magistrate Judge's determination that Petitioner has not shown exceptional circumstances that warrant appointment of counsel was neither clearly erroneous nor contrary to law. Therefore, Petitioner's objections to the Magistrate Judge's denial of his motion for appointment of counsel are **OVERRULED**.

        3.        **Objections to the Denial of Petitioner's "Objection and Motion to Strike"**

In his "Objection and Motion to Strike," Petitioner argued that Respondent's answer

4

should be stricken because it was untimely filed and failed to address all eight of the claims set forth in the petition. (Doc. no. 11.) Petitioner further asserted that Respondent's failure to respond to his claims should be construed as "an admission to the propriety of [those claims]." (Id. at 2.) The Magistrate Judge rejected Petitioner's contention that Respondent's failure to file a timely or complete answer justified striking Respondent's answer or deeming Respondent to have admitted the propriety of Petitioner's claims, reasoning that such relief would amount to default judgment in Petitioner's favor, which is not a contemplated remedy in habeas corpus cases. (Doc. no. 15, p. 6 (citing Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).) Additionally, because of Respondent's failure to respond to all of the claims set forth in the petitioner, the Magistrate Judge ordered Respondent to amend his answer to address each of the grounds for relief set forth in the petition within 30 days of the Order. (Id. at 7.) In his objections, Petitioner asserts that the Magistrate Judge improperly denied his motion, as Petitioner simply sought to hold Respondent to the applicable rules and procedures; also, Petitioner objects to allowing Respondent extra time to supplement his incomplete pleadings.

While the Court is sympathetic to Petitioner's complaints about Respondent's failure to follow the applicable procedural rules, his objections lack merit because his motion to strike seeks relief that is simply not available in a habeas corpus action. As correctly noted by the Magistrate Judge, to strike Respondent's answer and deem Respondent to have admitted the propriety of Petitioner's claims would amount to default judgment in Petitioner's favor, which is not contemplated in a habeas corpus case. Aziz, 830 F.2d at 187.

5

Moreover, the Magistrate Judge's order requiring Respondent to answer all of the claims set forth in the petition did not unnecessarily prejudice Petitioner, as Petitioner will be afforded an opportunity to file an additional reply to Respondent's amended answer. For these reasons, Petitioner's objections to the Magistrate Judge's denial of his motion to strike are **OVERRULED**.

Notably, however, the 30-day period within which Respondent was ordered to amend his answer has elapsed, yet Respondent has not filed an amended answer addressing all eight of the claims set forth by Petitioner. This deficiency is particularly troubling in light of the Magistrate Judge's explicit instruction in the February 18th Order to file an amended answer within 30 days of that Order. (See doc. no. 15, p. 7.) This Court can only presume that Respondent was awaiting a ruling on Petitioner's objections prior to filing his amended answer. As that ruling has now been made, the Court will accept no further delays in the filing of the amended answer. <u>Therefore, Respondent shall, within seven days of the date of this Order, amend his answer as instructed in the Magistrate Judge's February 18th Order</u>. The failure to comply with this instruction will not be looked upon favorably, and may result in the imposition of sanctions. As set forth in the Magistrate Judge's Order, following the submission of Respondent's amended answer, Petitioner may, within 30 days, file an additional reply, which shall be limited to addressing any new material set forth in the amended answer.[2]

---

[2] The Court notes that following his objections to the February 18th Order, Petitioner filed a "Motion for Contempt on Respondent's Failure to Comply with Court's Show Cause Order," in which he seeks essentially the same relief requested in his previous motion to strike: "that Respondent's untimely answer be stricken from the record; and that Respondent's omission be held [an] admission on Respondent's part that [the relief requested by Petitioner] is warranted." (Doc. no. 19.) Again, though the Court sympathizes with

6

## II. CONCLUSION

For the reasons set forth above, Petitioner's objections to the February 18, 2011 Order and R&R are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Attorney General's motion to dismiss is **GRANTED** (doc. no. 9), and the Attorney General is **DISMISSED** from this case. In addition, as noted above, Respondent shall, <u>within seven days of the date of this Order</u>, amend his answer as instructed in the Magistrate Judge's February 18th Order. Following the submission of Respondent's amended answer, Petitioner may, within 30 days, file an additional reply, which shall be limited to addressing any new material set forth in the amended answer.

SO ORDERED this 31st day of March, 2011, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Respondent's position, the relief he requests would amount to default judgment in his favor, which is not contemplated in a habeas corpus case, as noted above. Moreover, the Court has addressed Respondent's failure to comply with the Magistrate Judge's February 18th Order and determined that it is appropriate to allow Respondent seven days from the date of this Order to amend his answer as previously instructed. Accordingly, Petitioner's motion is **DENIED**. (Doc. no. 19.)