FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 14 PM 3: 01

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT SCOTT McNEAL,            )
                                )
        Petitioner,             )
                                )
            v.                  )       CV 110-110
                                )
BARRY GOODRICH, Warden,[1]      )
                                )
        Respondent.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate incarcerated at Coffee Correctional Facility, in Nicholls, Georgia,

brought the above-captioned petition pursuant to 28 U.S.C. § 2254. For the reasons set forth

below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this

civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I.      BACKGROUND

On October 5, 2004, following a jury trial, Petitioner was convicted in the Superior

---

[1]Warden Gregory McLaughlin was previously named as the Respondent in this action. However, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that the state officer who has custody of the petitioner should be named as the respondent when the petitioner is in custody under a state-court judgment at the time of filing the petition. Therefore, Barry Goodrich, the Warden at Coffee Correctional Facility, the facility where Petitioner is now incarcerated, is hereby substituted as the Respondent in this case. The **CLERK** is **DIRECTED** to modify the docket accordingly.

Court of Richmond County of one count of felony murder[2] and one count of possession of firearm during the commission of a crime. (Doc. no. 10, Ex. 5, pp. 44-46, 93.) Petitioner was sentenced to life imprisonment on the felony murder conviction and a consecutive five year term of incarceration on the firearm conviction. (Id.) Petitioner filed a direct appeal with the Supreme Court of Georgia in which he raised the following claims:

(1) the evidence was insufficient to support his convictions;[3]

(2) his trial counsel[4] provided ineffective assistance by failing to call certain witnesses at trial who would have given favorable testimony and by failing to raise objections concerning the prosecution's grant of immunity to a witness; and

(3) the prosecution failed to comply with discovery requirements by not disclosing before trial the existence of a videotape of the crime scene and an audiotaped statement of a witness called by the prosecution.

McNeal v. State, 637 S.E.2d 375, 376-77 (Ga. 2006). On October 16, 2006, the Georgia Supreme Court rejected Petitioner's contentions and affirmed his convictions.[5] Id.

_____

[2]The underlying felony for the felony murder count was "Violation of the Georgia Controlled Substances Act, Criminal Attempt to Possess Cocaine." (Doc. no. 10, Ex. 5, p. 45.)

[3]As explained more fully below, in conjunction with his insufficiency of the evidence claim, Petitioner argued that the trial court gave a jury instruction that constructively amended the felony murder count of the indictment. (See doc. no. 10, Ex. 6, pp. 13, 20-21; see also infra Part III.C.)

[4]Petitioner was represented by different counsel on appeal than at trial. (See doc. no.1, p. 10.)

[5]Of note, in addressing Petitioner's ineffective assistance of trial counsel claim concerning the prosecution's grant of immunity to a witness, the Georgia Supreme Court found that Petitioner did not raise the claim in his motion for a new trial and was therefore procedurally barred from raising it on appeal. McNeal, 637 S.E.2d at 376-77 & n.8. Similarly, the Georgia Supreme Court found that Petitioner failed to object to the audiotape's admission at trial on the basis of a prosecutorial discovery violation, and was consequently

2

In June of 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Macon County. (Doc. no. 10, Exs. 1-4; doc. no. 32, Ex. 1.) Petitioner was permitted to amend his original petition in that action, and his original and amended petitions included the following grounds for relief:

(1)     the prosecution failed to indict him on the two underlying felonies used at trial to support the felony murder count;

(2)     the jury returned a general verdict on the felony murder count without delineating which of the underlying felonies were being relied upon;

(3)     his trial counsel provided ineffective assistance in failing to object to the State's alleged lack of subject matter jurisdiction;

(4)     his trial counsel provided ineffective assistance in failing to show his "actual innocence";

(5)     his appellate counsel provided ineffective assistance by:
    (a)     not raising as error the allegedly faulty "general verdict";
    (b)     not raising as error the alleged violation of O.C.G.A. § 17-8-57;[6]
    (c)     not properly arguing that the evidence was insufficient;
    (d)     not properly arguing that the prosecution wrongfully withheld witness statements;
    (e)     not following Petitioner's requests as to which arguments to raise;
    (f)     not arguing that the prosecution violated the rule of sequestration; and
    (g)     not properly raising trial counsel's ineffective assistance;

(6)     the prosecution failed to disclose certain witness statements, allowed perjured testimony to go uncorrected, and failed to discover the real shooter's identity;

(7)     the State did not seek and obtain "legal jurisdiction" over him;

(8)     the indictment was defective in that it did not specify which illegal substance

---

barred from raising the issue on appeal, though it also found the trial court would not have erred if it had permitted the audiotape to be played at trial. Id. at 377 & nn.9, 10.

[6] O.C.G.A. § 17-8-57 provides, in pertinent part, that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

he was alleged to have conspired to possess;

(9)     the jury returned a general verdict on the felony murder count without delineating which of the underlying felonies were being relied upon (same as ground two, *supra*);

(10)    the trial court erred in charging the jury on the definition of "possession of cocaine";

(11)    the trial court erred by recharging the jury with only a portion of the total jury charge in response to a question;

(12)    his trial counsel provided ineffective assistance by not filing a "motion in arrest of judgment" to challenge the allegedly improper indictment;

(13)    his appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel based on the substance of ground 12, *supra*;

(14)    he is actually innocent of the offenses of which he was convicted;

(19)[7]   the trial court erred by charging the jury on the issue of "party to a crime";

---

[7]The state habeas court found that Petitioner omitted grounds 15 through 18 in the enumeration of his grounds for relief in his state habeas proceedings. (See doc. no. 10, Ex. 4, p. 2 n.2.) Specifically, the state habeas court found that the first seven grounds were set forth in the original state petition; grounds 8-14 were set forth in a subsequent filing titled "First Amendment and Brief in Support of Application for Writ of Habeas Corpus;" and grounds 19-24 were set forth in another subsequent filing entitled "Third Amendment to Application for Writ of Habeas Corpus." (See id.) Respondent asserts the state habeas court's assessment of Petitioner's grounds for relief is accurate. (See doc. no. 8-1, p. 2 n.2.) Petitioner, on the other hand, insists that he filed a second amendment to his state habeas petition that set forth the omitted grounds. (Doc. no. 7, p. 31.) However, the record reflects no such amendment, and Petitioner has not provided a copy of the document that he alleges is missing from the record. Nor has Petitioner indicated precisely what claims were purportedly set forth in such document, aside from asserting that one of his federal claims – subsection (iv) of Ground Six – was presented in the missing document. (See doc. no. 10, Exs. 1-4; doc. no. 37, Ex. 1.) However, as explained below, even if he had presented that claim to the state habeas court, it would make no difference in the instant action. See infra note 11. Accordingly, it is not appropriate to require any further supplementation the record, and the Court will proceed based on the record before it. Also, the Court will refer to the grounds from the state habeas petition as enumerated in the final order of the state habeas court.

(20) his trial counsel provided ineffective assistance in failing to object to the jury charge on "party to a crime";

(21) his appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel based on the substance of ground 20, *supra*;

(22) the trial court erred when it violated the rule of sequestration;

(23) his trial counsel provided ineffective assistance in failing to object to the alleged violation of the rule of sequestration; and

(24) his appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel based on the substance of ground 23, *supra*.

(Doc. no. 10, Exs. 1-4; doc. no. 32, Ex. 1.) Petitioner's state habeas corpus petition was denied in its entirety on June 23, 2009. (Doc. no. 10, Ex. 4.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on May 17, 2010. (Id., Ex. 7.)

Petitioner then timely filed the above-captioned petition, in which he raises the following grounds for relief:

(1) his indictment does not set out the essential elements of the predicate offense of the felony murder count and does not charge the predicate offense in a separate count, which purportedly renders his conviction void;

(2) the prosecution "failed to prove venue";

(3) the prosecution withheld exculpatory evidence consisting of an audiotaped interview of a prosecution witness;

(4) the trial court failed to exclude improperly withheld evidence, allegedly in violation of Petitioner's due process rights;

(5) the trial court erred by:
(i) denying Petitioner's motion for mistrial because the jury was purportedly exposed to improperly withheld evidence;

<ol type="i" start="2">
<li>permitting a witness for the prosecution to "speak out" in court and testify in violation of the rule of sequestration;</li>
<li>constructively amending the indictment in the jury charge; and</li>
<li>giving jury instructions on the form of the verdict that allegedly violated O.C.G.A. § 17-8-57;</li>
</ol>

(6) his trial counsel provided ineffective assistance by:

<ol type="i">
<li>not objecting to a witness for the prosecution giving testimony in violation of the rule of sequestration;</li>
<li>not requesting a jury charge on the credibility of the testimony purportedly given in violation of the rule of sequestration;</li>
<li>not pursuing an actual innocense defense; and</li>
<li>failing to interview and secure the presence of witnesses in support of a justification defense;</li>
</ol>

(7) his appellate counsel provided ineffective assistance by:

<ol type="i">
<li>not raising a claim for ineffective assistance of trial counsel for failing to object to a witness for the prosecution giving testimony in violation of the rule of sequestration;</li>
<li>not raising a claim for ineffective assistance of trial counsel for failing to request a jury charge on the credibility of the testimony purportedly given in violation of the rule of sequestration;</li>
<li>not raising a claim for ineffective assistance of trial counsel for failing to pursue an actual innocence defense;</li>
<li>not raising a claim that the trial court erred in denying his motion for mistrial;</li>
<li>not raising a claim that the prosecution had failed to prove venue; and</li>
<li>not asserting a claim of actual innocence on appeal; and</li>
</ol>

(8) he is actually innocent of the offenses of which he was convicted.

(Doc. no. 1.) In his answer and amended answer, Respondent submits that Petitioner is not entitled to relief on his claims because they are all procedurally defaulted. (Doc. nos. 8, 21.) Petitioner filed replies to both the answer and amended answer disputing Respondent's contentions. (Doc. nos. 12, 13, 32.) The Court resolves the matter as follows.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law

7

set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 848-49 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear

and convincing evidence." See also Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005) ("Our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").

## III.   DISCUSSION

### A.   Defaulted Claims

#### 1.   Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court.  28 U.S.C. § 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added).  In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  The exhaustion requirement applies with equal force to all constitutional claims, including claims

9

of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[8] state procedural grounds, the district

<hr>

[8]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted). Additionally, the Supreme Court recently made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011) (citing Beard v. Kindler, 558 U.S. ___, 130 S. Ct. 612 (2009) (stating that a discretionary state procedural rule can serve as an adequate procedural bar to federal habeas

court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest

review because such a rule is considered "firmly established")).

practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987). Similarly, a claim of improper admission of evidence on direct appeal will be procedurally barred if the petitioner did not object to the admission of the evidence at trial on the same ground. See Adkins v. State, 632 S.E.2d 650, 654 (Ga. 2006); Bridges v. State, 613 S.E.2d 621, 626 (Ga. 2005).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[9] A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S.

---

[9]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they . . . infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

478, 496 (1986).

## 2.  Petitioner's Defaulted Claims

Petitioner did not raise the following grounds for relief on direct appeal or in his state habeas proceedings:  Ground Two;  Ground Four[10]; subsection (i) of Ground Five; subsections (i), (ii), and (iv)[11] of Ground Six; and subsections (ii) – (vi) of Ground Seven. Under Georgia's successive petition statute discussed previously, state remedies are no longer available to Petitioner on these claims.  See O.C.G.A. § 9-14-51.  Moreover, Petitioner has presented no justification for failing to raise these claims in state court, and therefore he has failed to demonstrate the cause and prejudice necessary to overcome his

---

[10]Petitioner asserts that Ground Four, in which he alleges that he was "denied due process" because the "trial court fail[ed] to exclude evidence withheld in violation of Brady," was brought on direct appeal.  (Doc. no. 12, p. 5.)  However, the claim on direct appeal that Petitioner refers to alleged "bad faith" on the part of the prosecution "in failing to disclose" the audiotape evidence. (See doc. no. 10, Ex. 6, p. 29.)  Because the factual and legal basis for the claim on direct appeal is not the same as the claim in Ground Four, the Court rejects Petitioner's contention that he previously presented such claim to the state courts on direct appeal.  Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) ("To exhaust state remedies, petitioners must do more than present 'the state courts only with the facts necessary to state a claim for relief' and must additionally articulate the constitutional theory serving as the basis for relief." (quoting Henry v. Dep't of Corr., 197 F.3d 1361, 1366 (11th Cir. 1999))).  Moreover, in the instant petition, Petitioner has raised the claim from his direct appeal alleging prosecutorial misconduct for failing to disclose the audiotape in Ground Three, which the Court addresses separately herein.

[11]In his reply, Petitioner argues that the claim in subsection (iv) of Ground Six is not defaulted because he raised the same claim in Grounds 14 and 17 of his state habeas petition. (See doc. no. 32, p. 6.)  However, the record shows that Ground 14, which alleges actual innocence, contains no allegation of ineffective assistance of counsel for failing to secure witnesses to support a justification defense.  Moreover, as explained above, there is no Ground 17 in the state habeas petition, see supra note 7, and even if Petitioner had brought the claim in subsection (iv) of Ground Six in his state habeas proceeding, the claim would nevertheless have been subject to default for failure to bring the claim on direct appeal.  See O.C.G.A. § 9-14-48(d).

13

procedural default of these claims. Nor has Petitioner shown that a miscarriage of justice will occur if the Court does not consider these claims.[12] Accordingly, the Court concludes that these claims have been defaulted and provide no basis for federal habeas relief.

The majority of Petitioner's remaining claims were previously raised in state court, but were found by the state habeas or appellate courts to be defaulted because they had not been raised at trial or on direct appeal. This category encompasses the claims set forth in Ground One, Ground Three,[13] subsection (ii) of Ground Five, and subsection (iii) of Ground Six. (Doc. no. 10, Ex. 4, pp. 10, 12 (citing O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755).) The state habeas court also concluded that Petitioner had not demonstrated cause and

---

[12]Petitioner asserts a claim of actual innocence in Ground Eight of his federal petition. However, as discussed below, it is not clear whether he intends it to be a freestanding claim or an argument under the miscarriage of justice exception to excuse his default. See infra Part III.E. To the extent that he intends the latter, his allegation of innocence is unsupported by any facts which, if proven, would allow the court to excuse his default and adjudicate his defaulted claims on the merits. See Schlup v. Delo, 513 U.S. 298, 315 (1995); Murray, 477 U.S. at 496. The Supreme Court has held that "[t]o be credible, . . . a claim [that constitutional error has caused the conviction of an innocent person] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. Here, Petitioner neither presents nor alleges the existence of new evidence, but rather seeks to challenge the sufficiency of the evidence presented at trial and have the Court re-weigh that evidence in his favor. (See doc. no. 7, pp. 13-20.) Therefore, he plainly falls short of the showing required for the Court to reach the merits of his defaulted claims under the miscarriage of justice exception.

[13]In Ground Three, Petitioner asserts that the prosecution withheld exculpatory evidence consisting of an audiotaped interview of a prosecution witness. Unlike the other grounds brought in state court, which were brought for the first time in the state habeas petition, Ground Three was brought on direct appeal. See McNeal, 637 S.E.2d at 377. The appellate court found that Petitioner was procedurally barred from bringing the claim because he failed to object to the tape's admission at trial on the ground that he sought to rely upon on appeal – i.e., that the State had failed to comply with discovery requirements. Id.

14

prejudice to overcome the procedural default. (Id.) Respondent contends that this Court should defer to the state habeas court's findings on these issues. (Doc. no. 8, pp. 5-7; doc. no. 21, pp. 1-3.)

The procedural default rule relied upon by the state habeas court and the procedural bar relied upon by the appellate court constitute independent and adequate state procedural grounds in that they are exclusively state doctrines and are regularly applied by Georgia state courts. See Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004), *abrogated on other grounds by* Hightower v. Schofield, 545 U.S. 1124 (2005); Defuentes v. Dugger, 923 F.3d 801, 803 (11th Cir. 1991); Adkins, 632 S.E.2d at 763; Bridges, 613 S.E.2d at 626. Thus, this Court is barred from considering the claims unless Petitioner can show cause and prejudice sufficient to overcome his default or that a fundamental miscarriage of justice has occurred.

Although Petitioner makes multiple claims of ineffective assistance of counsel that might excuse his default, see Turpin, 493 S.E.2d at 906, as explained *infra*, the Court determines that such claims have either been procedurally defaulted[14] or that the state habeas court properly concluded that Petitioner's appellate counsel rendered effective assistance of counsel. Thus, Petitioner's claims of ineffectiveness of counsel do not suffice to excuse his

---

[14]It is well-settled that a claim of ineffective assistance of counsel must be presented to state courts as an independent claim before it may be used to establish cause to overcome procedural default. Payne v. Allen, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008) (quoting Murray, 477 U.S. at 488-89); Henderson v. Campbell, 353 F.3d 880, 896-97 (11th Cir. 2003). Because the majority of Petitioner's claims of ineffective assistance of counsel have not been presented for review in state court and have been procedurally defaulted, those claims may not be used to establish cause to overcome the procedural default of Petitioner's other claims.

15

procedural default. Furthermore, Petitioner has failed to present any other evidence to suggest that appellate counsel was ineffective or otherwise demonstrate cause as to why his procedural default should be excused.[15]

Because the claims in Grounds One through Four, subsections (i) and (ii) of Ground Five, subsections (i) through (iv) of Ground Six, and subsections (ii) through (vi) of Ground Seven have been defaulted (and this default has not been excused) or were otherwise held to be procedurally barred by the state courts, these claims are barred from review and do not provide a basis for granting federal habeas corpus relief.

**B.      Ineffective Assistance of Appellate Counsel Claim Rejected by the State Habeas Court**

As noted above, in subsection (i) of Ground Seven, Petitioner claims that his appellate counsel provided ineffective assistance because she did not argue on appeal that his trial counsel provided ineffective assistance by failing to object to a witness for the prosecution giving testimony in violation of the rule of sequestration. (Doc. no. 1, p. 9.) This is the same argument raised in ground 24 of Petitioner's state habeas petition. (See doc. no. 10, Ex. 3, p. 20.) Contrary to Respondent's assertion that the state habeas court found this claim to be procedurally defaulted (see doc. no. 21-1, pp. 1-2), the state habeas court rejected this claim on the merits. In particular, the state habeas court specifically applied the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and Battles v. Chapman, 506 S.E.2d 838 (Ga. 1998), and determined that Petitioner's appellate counsel acted well within the constitutional parameters of reasonableness in her representation of

---

[15]Because Petitioner has not demonstrated cause, the Court does not reach the issue of prejudice. See Johnson, 256 F.3d at 1171.

Petitioner and, in particular, in determining which claims to raise on appeal. (See doc. no. 10, Ex. 4, pp. 6-8.)

As correctly noted by the state habeas court, ineffective assistance of counsel claims are analyzed under the two-prong test set forth by the Supreme Court in Strickland v. Washington.[16] To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his appellate counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694. The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively

---

[16]The Strickland test applies to claims of ineffective assistance of both trial and appellate counsel. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

unreasonable"). Moreover, because "[t]he standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." <u>Richter</u>, 131 S. Ct. at 788 (quotation marks and citations omitted); <u>Premo v. Moore</u>, 562 U.S. ___, 131 S. Ct. 733, 740 (2011) (same).

With regard to the performance prong of <u>Strickland</u>, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [appellate] counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (<i>en banc</i>).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Smith v. Wainwright</u>, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of <u>Strickland</u>, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

18

reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, in the appellate context, the Court recognizes that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). It is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. Id. at 751-52. Indeed, the appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985).

In order to assess Petitioner's claim that his appellate counsel had been ineffective, the state habeas court heard testimony from Petitioner's appellate counsel, Ms. Susan Welch. At the hearing, Ms. Welch testified that she became a member of the Georgia Bar in 1987 and that she has been employed as an attorney since that time. (Doc. no. 10, Ex. 6, p. 11.) She stated that at the time she represented Petitioner, she devoted approximately half of her practice to representing criminal defendants. (Id. at 12.) She further testified that, in preparation for Petitioner's appeal, she reviewed all of the discovery and evidence, and she interviewed Petitioner in person at his place of confinement. (Id.)

19

In addition, Ms. Welch testified as to the enumerations of error she alleged in Petitioner's appeal, and she confirmed that the claims asserted were, in her opinion, the most meritorious claims available to Petitioner. (Id. at 14-15.) Also, Ms. Welch said that during her correspondence with Petitioner, he expressed his desire to raise additional claims, but she decided not to raise the additional claims after researching them and determining that they were not meritorious. (Id. at 21.)

While Petitioner claims that his appellate counsel was ineffective for failing to assert the claim set forth in subsection (i) of Ground Seven, the state habeas court concluded otherwise. Having considered the trial record and Ms. Welch's testimony, the state habeas court determined, based on its application of the principles set forth in Strickland, that Petitioner failed to show that his appellate counsel acted unreasonably in her appellate representation, including her decisions regarding what issues to raise on appeal. (Id., Ex. 5, pp. 4-8.) In particular, the state habeas court found that "Ms. Welch raised the best issues on appeal that were available to Petitioner," and that she did not provide ineffective assistance "in not raising the issues now pursued by Petitioner," including the issue of whether his trial counsel provided ineffective assistance by failing to object to a witness for the prosecution giving testimony in violation of the rule of sequestration.[17] (See id. at 5-6, 8.) Furthermore, the state habeas court concluded that Petitioner "failed to establish the requisite prejudice" because he "provided no evidence proving . . . that there is a reasonable

---

[17]Of note, the state habeas court observed that Ms. Welch ultimately raised multiple ineffective assistance of trial counsel claims on appeal, which showed that she had considered trial counsel's representation and pursued an array of claims on that issue that she had determined to offer the best chance of success on appeal. (Doc. no. 10, Ex. 5, p. 5.)

probability that the outcome of his appeal would have been different absent the alleged deficient performance of counsel." (Id. at 8.)

The Court notes that Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to undermine or contradict the factual determinations of the state court. Furthermore, a review of the state habeas court's decision does not indicate that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding. Nor did the state habeas court apply the Strickland standard to the facts of Petitioner's case in an objectively unreasonable manner. Indeed, neither the instant petition nor the brief in support thereof identify any testimony purportedly given in violation the rule of sequestration; nor has Petitioner attempted to establish that an objection to any such testimony would have been successful such that the outcome of the trial would have been different. See Smith, 777 F.2d at 616. Therefore, Petitioner's claim in subsection (i) of Ground Seven is without merit.

## C. Claim of Constructive Amendment of the Indictment

Subsection (iii) of Ground Five alleges that the "trial court committed plain error . . . [in that it] constructively amended [the] indictment in [the] jury charge." (Doc. no. 1, p. 8.) Respondent contends that Petitioner has not previously raised this claim and that it is therefore procedurally defaulted. (Doc. no. 21-1, pp. 3-7.) However, a review of Petitioner's brief on direct appeal shows that Petitioner claimed that "[t]he trial court erred in charging a general jury charge on felony murder without the specific averment as charged in the

indictment, and denied appellate due process .... There was a fatal variance[18] in the jury instructions and the indictment." (Doc. no. 10, Ex. 6, pp. 13, 20-21.)

The essence of his appellate argument was that the felony murder count of the indictment charged that Petitioner "did cause the death of Carl Bernard Lamb, a human being, by shooting him," and that the trial court constructively amended the indictment by giving a jury charge that set forth the general definition of felony murder without any specification as to the cause of death – i.e., being shot by Petitioner. (Id. at 21-22 (quoting indictment).) Petitioner raised this claim in a subsection of his appellate brief primarily focused on challenging the sufficiency of the evidence, and his constructive amendment claim is directly followed by his contention that the evidence presented at trial was insufficient to show that he shot the victim, primarily because of the lack of DNA or other scientifically conclusive evidence. (See id. at 22-23.)

In affirming Petitioner's convictions, the Georgia Supreme Court rejected this enumeration of error in its entirety, although it did not specifically discuss the issue of constructive amendment of the indictment. See McNeal, 637 S.E.2d at 376. Nevertheless, it is apparent that Petitioner presented his constructive amendment claim to the state courts, along with supporting facts and the constitutional theory serving as the basis for relief. Accordingly, the claim is not procedurally defaulted. See Zeigler, 345 F.3d at 1307. The

---

[18]The fact that Petitioner used the term "fatal variance" on appeal, whereas he now uses the term "constructive amendment," does not suggest that these are different claims; the terms are synonymous, and they signify the similarity of the respective claims. See Thomas v. Harrelson, 942 F.2d 1530, 1531 (11th Cir. 1991) ("Federal cases frequently refer to 'constructive amendment.' State cases . . . often discuss the issue in terms of 'fatal variance.'").

Court will therefore proceed to determine whether Petitioner is entitled to relief on that claim.[19]

"A constructive 'amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'" United States v. Castro, 89 F.3d 1443, 1452-1453 (11th Cir. 1996) (quoting United States v. Behety, 32 F.3d 503, 508 (11th Cir. 1994)). A constructive amendment may result from, *inter alia*, the trial court's jury instructions, and a jury instruction that is defective in this respect gives rise to an error of constitutional dimension in that it "violates a defendant's constitutional right to be tried on only those charges presented in a grand jury indictment and creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment." United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995). In considering whether a jury instruction impermissibly amended the indictment, the Court must determine whether the instruction, "'viewed in context,' resulted in the expansion of an indictment either literally or in effect" such that the "defendant may have been convicted on a ground not alleged by the grand jury's indictment." Behety, 32 F.3d at 509 (quoting United States v. Andrews, 850 F.2d 1557, 1559 (11th Cir. 1988), and United States v. Peel, 837 F.2d 975, 979 (11th Cir. 1988)).

Here, Petitioner has not shown any improper constructive amendment of the

---

[19]Notably, the Supreme Court has clarified that a state court's adjudication of a claim in an opinion that does not explicitly discuss the reasons for rejecting a claim, such as the Georgia Supreme Court's decision at issue here, is nevertheless an "adjudication on the merits" for the purposes of federal review. See Harrington, 131 S. Ct. at 784. Therefore, in addressing the merits of this claim, the Court will apply the deference to the state court decision required by § 2254(d), in the manner described above. See surpa Part II.

indictment resulting from the trial court's jury instructions. Indeed, the claim in his federal petition consists of nothing more than the conclusory assertion that the trial court's jury instruction constructively amended the indictment, and he does not expand on the claim in his brief. (See doc. no. 1, p. 8; doc. no. 7.) Moreover, assuming that Petitioner means to argue that the jury instruction on the felony murder count impermissibly amended the indictment, he fails to establish that he is entitled to relief. As noted above, the indictment charged that Petitioner, "while in the commission of the felony of . . . Criminal Attempt to Possess Cocaine, did cause the death of Carl Bernard Lamb, a human being by shooting him . . . ." (Doc. no. 10, Ex. 5, p. 45.) The trial court's instruction stated, in pertinent part, that "a person commits the crime of murder when, in the commission of a felony, that person causes the death of another human being." (Id. at 317.)

Notably, however, the trial court also instructed the jury that "to this indictment the defendant has entered his plea of not guilty and this makes up the issue of which you're called upon to well and truly try. . . . The burden is upon the State to prove every material allegation in this bill of the indictment against the defendant beyond a reasonable doubt. (Id. at 310 (emphasis added).) Therefore, viewing the felony murder instruction "in context," as the Court must, it is apparent that the instruction did not impermissibly expand the indictment because the accompanying instruction quoted above clarified that the allegations set forth in the indictment were controlling as to what the prosecution had to prove. See Behety, 32 F.3d at 509. Furthermore, Petitioner has offered nothing to suggest that he may have been convicted on an unindicted charge, such as record evidence indicating he may have been convicted on an offense not set forth in the indictment. See id.; cf. Peel, 837 F.2d

indictment resulting from the trial court's jury instructions. Indeed, the claim in his federal petition consists of nothing more than the conclusory assertion that the trial court's jury instruction constructively amended the indictment, and he does not expand on the claim in his brief. (See doc. no. 1, p. 8; doc. no. 7.) Moreover, assuming that Petitioner means to argue that the jury instruction on the felony murder count impermissibly amended the indictment, he fails to establish that he is entitled to relief. As noted above, the indictment charged that Petitioner, "while in the commission of the felony of . . . Criminal Attempt to Possess Cocaine, did cause the death of Carl Bernard Lamb, a human being by shooting him . . . ." (Doc. no. 10, Ex. 5, p. 45.) The trial court's instruction stated, in pertinent part, that "a person commits the crime of murder when, in the commission of a felony, that person causes the death of another human being." (Id. at 317.)

Notably, however, the trial court also instructed the jury that "to this indictment the defendant has entered his plea of not guilty and this makes up the issue of which you're called upon to well and truly try. . . . The burden is upon the State to prove every material allegation in this bill of the indictment against the defendant beyond a reasonable doubt. (Id. at 310 (emphasis added).) Therefore, viewing the felony murder instruction "in context," as the Court must, it is apparent that the instruction did not impermissibly expand the indictment because the accompanying instruction quoted above clarified that the allegations set forth in the indictment were controlling as to what the prosecution had to prove. See Behety, 32 F.3d at 509. Furthermore, Petitioner has offered nothing to suggest that he may have been convicted on an unindicted charge, such as record evidence indicating he may have been convicted on an offense not set forth in the indictment. See id.; cf. Peel, 837 F.2d

at 978 (noting support in the record for conviction on a charge not included in the indictment).

In sum, Petitioner has failed to show any jury instruction that, viewed in context, impermissibly amended the indictment. The Court therefore concludes that the denial of this claim on direct appeal did not amount to an unreasonable determination of the facts or an objectively unreasonable application of the governing legal principles. Accordingly, Petitioner is not entitled to relief on subsection (iii) of Ground Five of his federal habeas petition.

### D.    State Law Claim

In subsection (iv) of Ground Five of his federal petition, Petitioner alleges that the trial court erred by giving jury instructions that allegedly violated O.C.G.A. § 17-8-57.[20] However, as Respondent correctly observes (see doc. no. 21-1, p. 7), a federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992). Stated otherwise, a federal habeas court is not a "'super'

[20] As noted previously, O.C.G.A. § 17-8-57 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Petitioner appears to argue that the trial court violated this provision by instructing the jury that they could find Petitioner guilty or not guilty of felony murder or, in the alternative, could find him guilty of the lesser offense of voluntary manslaughter. (See doc. no. 1, p. 8; doc. no. 32, p. 4.)

state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)). Because the claim in subsection (iv) of Ground Five does not allege a federal constitutional or statutory violation, it is not cognizable in the instant § 2254 action, and Petitioner is not entitled to relief on that claim.

### E.    Freestanding "Actual Innocence" Claim

In Ground Eight of his federal habeas petition, Petitioner asserts that he "is actually innocent" of the crimes for which he stands convicted," which renders his confinement illegal. (Doc. no. 1, p. 9; see also doc. no. 7, pp. 13-22.) Respondent argues that this claim is procedurally defaulted. (See doc. no. 21-1, p. 2.) However, as the Eleventh Circuit has explained, "[i]t is doubtful . . . that it is possible to procedurally default a freestanding actual innocence claim." Mize v. Hall, 532 F.3d 1184, 1195 n.9 (11th Cir. 2008).

At the outset, the Court notes that two distinct types of "actual innocence" claims have arisen in the field of federal habeas jurisprudence. The first type is "procedural, rather than substantive," and operates as a "gateway" for habeas petitioners to overcome procedural obstacles and obtain review on the merits of other constitutional claims that would otherwise fail on procedural grounds. Schlup, 513 U.S. at 315. The second type of "actual innocence" claim that has arisen stands alone, and is premised on the notion that federal habeas relief may be obtained by presenting new evidence sufficient to convince a federal habeas court that a petitioner is factually innocent of the crime of which he has been convicted. It is far from clear that such a claim can even provide an independent basis for federal relief. The Supreme Court stated the following with relation to this type of claim:

26

Whether [the right to be released upon proof of actual innocence] exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo*, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet.

See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. ___, 129 S. Ct. 2308, 2321 (2009); see also House v. Bell, 547 U.S. 518, 554-55 (2006); Herrera v. Collins, 506 U.S. 390, 404-05, 417 (1993).

Because Petitioner sets his actual innocence claim forth as a separate ground for relief, yet states that his actual innocence overcomes any procedural bar, it is not entirely clear which type of actual innocence claim he is asserting. (See doc. no. 1, p. 9; doc. no. 7, p. 20.) As discussed above, to the extent that Petitioner intends to assert a "gateway" actual claim to excuse his default, he fails because, rather than presenting new, reliable evidence showing his factual innocence, he merely seeks to challenge the sufficiency of the evidence presented at trial and have the Court re-weigh that evidence in his favor. See supra note 12.

Furthermore, to the extent that Petitioner intends to assert actual innocence as a freestanding basis for relief, his claim likewise fails. Even assuming that such a claim is a cognizable basis for habeas relief, Supreme Court precedent suggests that such a claim would only be available in the context of capital cases to prevent the execution of an innocent person, and here Petitioner does not face the death penalty. See Herrera, 506 U.S. at 417 ("We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional . . . ." (emphasis added)).

In addition, it is "more difficult to establish a freestanding actual innocence claim

than it is to establish actual innocence under the fundamental miscarriage of justice exception to the procedural default doctrine." Mize, 532 F.3d at 1195 n.9 (citing House, 547 U.S. at 536-38). Thus, the fact that Petitioner fails to meet the standard for showing actual innocence sufficient to excuse default, see supra note 12, necessarily precludes him from qualifying for relief on a freestanding claim of actual innocence. Mize, 532 F.3d at 1195 n.9; House, 547 U.S. at 536-38. Therefore, to the extent that Petitioner intends to assert a freestanding claim for relief based on actual innocence in Ground Eight of his habeas petition, he is not entitled to relief on that claim.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED,** that this civil action be **CLOSED,** and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this _14th_ day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

28