IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT SCOTT McNEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-110 |
| | ) |
| BARRY GOODRICH, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 44, 46).[1] Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition asserts a total of 19 claims for relief[2] collaterally attacking Petitioner's convictions in the Superior Court of Richmond County for felony murder and possession of a firearm in the commission of a crime. (See doc. no. 1.) The Magistrate Judge found that the majority of the claims were procedurally defaulted and that

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 42, 43.) Thereafter, Petitioner submitted his objections in two separate filings, which are respectively styled as his "objections" and "amended objections" to the R&R. (Doc. nos. 44, 46.) The Court will consider the content of both filings, which it will refer to collectively as Petitioner's "objections" for ease of reference.

[2] While the petition enumerates only eight grounds for relief, several of those grounds encompass multiple claims. (See, e.g., doc. no. 1, p. 9 (asserting six separate claims of ineffective assistance of appellate counsel under a single enumerated ground for relief).)

the remaining claims provided no basis for relief. (See doc. no. 41.) Accordingly, he recommended that the petition be denied. (Id. at 28.)

Before addressing Petitioner's objections, the Court will address his "Motion for Leave to Amend Petition . . .," which was filed after the issuance of the R&R and in which Petitioner seeks to add yet another claim to his § 2254 petition. (Doc. no. 45.) In particular, he seeks to add a claim that his appellate counsel provided ineffective assistance by failing to raise a claim that his conviction is void because the prosecution failed to indict him on the two underlying felonies used at trial to support the felony murder count. (See id.)

Federal Rule of Civil Procedure 15(a)(1)[3] provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial

---

[3]Both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions, which are highly analogous to § 2254 petitions with respect to procedural matters such as amending pleadings. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (*per curiam*); see also Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011) (*en banc*) (noting similarity between § 2254 and § 2255 proceedings).

2

court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[4] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). A motion to amend that seeks to add a new claim is properly denied as futile when the claim is without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Petitioner is not entitled to amend as a matter of right, and his proposed amendment is futile because the claim he seeks to add is without merit. The proposed ineffective assistance of appellate counsel claim is the same as the claim Petitioner asserted in ground 13 of his state habeas petition, which the state habeas court denied on the merits under the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). (Doc. no. 10, Ex. 4, pp. 6-8.) The proposed new claim is without merit for the same reasons set forth in the R&R regarding the other claim of ineffective assistance of appellate counsel raised in the instant petition that had been rejected by the state habeas court; that is, the state habeas court's decision as to the claim at issue in the proposed amendment was not based on an unreasonable determination of the facts in light of the evidence presented in the state

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

habeas proceeding, and the state habeas court did not apply the Strickland standard in an objectively unreasonable manner. (See doc. no. 41, pp. 16-21.) Thus, in light of the deference to the state habeas court decision mandated by § 2254(d), Petitioner would not be entitled to habeas relief on his proposed claim if his amendment were permitted. Because his proposed claim is futile, see Coventry First, LLC v. McCarty, 605 F.3d at 870, Petitioner's motion to amend is **DENIED**. (Doc. no. 45.)

The Court will now turn its attention to Petitioner's objections to the R&R. Initially, Petitioner asserts that, contrary to Respondent's representations, he raised a series of four claims in an amendment to his state habeas petition. Petitioner claims that the state habeas court ignored these claims and that, as a result, certain of his federal claims should not be procedurally barred. (See doc. no. 44, pp. 4-7, 11-13.)

This objection is without merit. As noted by the Magistrate Judge, the state habeas court addressed 20 claims asserted by Petitioner, which were numbered one through 14 and 19 through 24; the state habeas court found that Petitioner had omitted grounds 15 through 18. (See doc. no. 10, Ex. 4, p. 2 n.2.) In his objections, Petitioner has, for the first time, set forth the nature of all of these omitted claims. (See doc. no. 44, p. 5 n.1.) Notably, regarding three of the claims – those identified as state habeas grounds 15, 16, and 18 – Petitioner has not asserted them in his federal § 2254 petition. Therefore, it is immaterial in these federal proceedings whether he previously asserted these claims in his state habeas proceedings. The claim identified as state habeas ground 17 alleges that Petitioner's trial counsel provided ineffective assistance by not objecting to the "general verdict." (Id.) This is the same claim that Petitioner asserts in subsection (iv) of Ground Six in his federal petition, which the

4

Magistrate Judge found to be procedurally defaulted because Petitioner did not raise the claim in his state court proceedings. (Doc. no. 41, p. 13.) Again, however, it is immaterial whether Petitioner asserted this claim in his state habeas proceedings because, as noted by the Magistrate Judge, even if Petitioner brought this claim in his state habeas proceedings, the claim would nevertheless be procedurally barred in that he did not bring the claim on direct appeal. (See id. at 13 n.11.)

Petitioner also misses the mark with his objections regarding the claim set forth in subsection (i) of Ground Six of his federal petition, in which he asserts that his trial counsel provided ineffective assistance by failing to object to a witness whose testimony violated the rule of sequestration. Petitioner argues in his objections that he asserted this claim in ground 23 of his state habeas petition. Initially, because Petitioner provides no facts in support of the claim in subsection (i) of Ground Six in his petition or brief in support thereof (see doc. nos. 1, 7), it is difficult to ascertain whether it is the same as ground 23 from his state habeas petition such that it was adequately presented at the state level. See Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) (noting that exhaustion of a §2254 claim requires presentation of the factual and legal basis for the same claim in state proceedings). However, even assuming *arguendo* that Petitioner raised this claim in ground 23 of his state habeas petition, the claim remains defaulted in federal court because the state habeas court found that ground to be defaulted under state law due to Petitioner's failure to bring the claim on direct appeal.[5] (See doc. no. 10, Ex. 4, p. 10.) Moreover, the Magistrate Judge properly

---

[5]As explained in detail in the R&R (see doc. no. 41, pp. 9-13), when a state court denies a constitutional claim on "adequate and independent" state procedural grounds, the claim is procedurally defaulted such that the district court is precluded from reviewing the

5

concluded that Petitioner failed to show cause to excuse his procedural default as to any of his defaulted claims. (See doc. no. 41, pp. 15-16.)

In addition, Petitioner repeatedly complains that the state habeas court rendered its decision in a written order prepared by counsel for the respondent. (See, e.g., doc. no. 46, pp. 11-14.) Petitioner contends that, as a result, the Court should not defer to the state habeas court's findings of fact and conclusions of law, as is required under § 2254(d). (See id. at 11.) This contention is completely without merit, as the Supreme Court has held that § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 784 (2011).

Petitioner's remaining objections likewise fail to provide any reason for departing from the conclusions in the R&R. Therefore, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Finally, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254

---

merits of the claim on collateral attack. See Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The procedural default rule relied upon by the state habeas court in denying ground 23 and several of Petitioner's other state habeas claims constitutes an independent and adequate state procedural ground in that it is an exclusively state doctrine that is regularly applied by Georgia state courts. See Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004), *abrogated on other grounds by* Hightower v. Schofield, 545 U.S. 1124 (2005); Defuentes v. Dugger, 923 F.3d 801, 803 (11th Cir. 1991).

Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[6] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the instant § 2254 petition is **DENIED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 6th day of March, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

7